# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ANTWAN DARCELL THOMAS,                           Civil No. 14-1245 (SRN/JJK)

              Petitioner,

      v.                                              **REPORT AND RECOMMENDATION**

Commissioner TOM ROY,

              Respondent.

_____

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.  BACKGROUND

Petitioner is a state prison inmate who is currently confined at the Minnesota Correctional Facility at Stillwater, Minnesota. His present application for habeas corpus relief does <u>not</u> challenge the validity of his state criminal conviction or sentence. Instead, Petitioner claims that the Minnesota Commissioner of Corrections has wrongly extended his term of imprisonment by 189 days, without affording him due process. (Petition, p. 6, § 12 "Ground One.") He further contends that the Minnesota Department of Corrections

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

has "miscalculated" his term of imprisonment, in violation of his constitutional rights under the Double Jeopardy Clause.   (Petition, p. 8, § 12 "Ground Two").   Petitioner is seeking a writ of habeas corpus that would correct these two alleged errors pertaining to the execution of his sentence, and expedite his release from prison.

However, Petitioner has not shown that he has exhausted his available state court remedies for the claims that he is attempting to raise in his current habeas petition. Therefore, this action must be summarily dismissed.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.   28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).   This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.   O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present all of his federal constitutional claims to the highest available state court before seeking habeas relief in federal court.   O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66.   See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").   Because federal courts will not entertain

2

unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4.

In this case, there is a remedy available to Petitioner under state law that he has not yet exhausted -- namely a habeas corpus petition to the Minnesota <u>state</u> courts, brought under Minn.Stat. § 589.01.   Minnesota state appellate courts have previously recognized that this statute can be used by a state prison inmate who seeks judicial review of an allegedly unconstitutional action by a state correctional official, which will extend the duration of the inmate's incarceration.   <u>Case v. Pung</u>, 413 N.W.2d 261 (Minn.App. 1987), <u>rev</u>. <u>denied</u>, Nov. 24, 1987.   <u>See also</u> <u>Rud v. Fabian</u>, 743 N.W.2d 295, 297 (Minn.App. 2007) (inmate allowed to seek habeas review of a prison action that took away 90 days of good time as a disciplinary sanction); <u>Burch v. Commissioner of Corrections</u>, A05-1760 (Minn.App. 2006), 2006 WL 1738239, (unpublished opinion) at *3 ("a violation of the right to due process can be challenged under a petition for a writ of habeas corpus").   Because Petitioner has not shown that he has pursued the remedy available under Minnesota's habeas corpus statutes, including the right of appeal under § 589.29, he has not satisfied the exhaustion of state court remedies requirement prescribed by 28 U.S.C. § 2254(b), and a voluminous body of federal case law.

Petitioner obviously recognizes that he has failed to exhaust his state court remedies, and he has therefore filed a motion seeking to be excused from the exhaustion requirement.   (Docket No. 2.)   Petitioner contends that he should not be required to exhaust his state court remedies before seeking federal habeas relief, because (a) he is seeking relief for alleged violations of his federal constitutional rights, (b) he is already nearing the date when he believes he should be released from prison, and (c) he does not

think the state courts will adequately protect and enforce his federal constitutional rights. (See Petition, p. 13, § 13; Motion "To Proceed in Federal Court Without Exhausting All State Remedies," [Docket No. 2], pp. 1-2; Petitioner's memorandum in support of motion to proceed without exhaustion, [Docket No. 3], p. 4.)   These arguments must be rejected.

The Court recognizes that 28 U.S.C. § 2254(b)(1)(B)(ii) "excuse[s] the need for exhaustion of state remedies when, for example, an <u>inordinate and unjustifiable</u> delay renders the state's process ineffective to protect the petitioner's rights."   <u>Welch v. Lund</u>, 616 F.3d 756, 760 (8th Cir. 2010) (emphasis added).   However, Petitioner has not shown any "inordinate and unjustifiable delay," or any other extraordinary circumstances, that should allow him to circumvent the exhaustion of state court remedies requirement. Petitioner claims that his constitutional rights have been violated, but that certainly is not an unusual circumstance that could excuse exhaustion.   Indeed, a person in state custody can never seek a writ of habeas corpus in federal court unless he claims a violation of his federal constitutional rights.   <u>See</u> <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (<u>per</u> <u>curiam</u>) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

Petitioner further argues that he should not have to exhaust his state court remedies, because that would delay his opportunity to have his claims reviewed in federal court.   Petitioner contends that if his claims are vindicated, he should be released from prison in just a few months, and it is therefore imperative that his claims be heard in federal court immediately.   However, Petitioner has cited no legal authority suggesting that a prisoner can eschew his available state court remedies, simply because he would like his claims to be heard in federal court as soon as possible.

4

Petitioner's request to be excused from the exhaustion requirement presupposes that the state courts are incapable of addressing his claims as quickly and correctly as the federal court.   He seems to believe that the state courts are somehow inferior to the federal court, and his federal constitutional rights will be treated less respectfully or less expeditiously in the state courts.   That notion is fallacious.   The relationship between the state and federal judicial systems in this country is grounded on the principle that "State courts are 'equally bound to guard and protect rights secured by the Constitution.'" Duckworth v. Serrano, 454 U.S. 1, 3-4 (1981) (per curiam), quoting Ex parte Royall, 117 U.S. 241, 251 (1886).   "State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty." Wade v. Mayo, 334 U.S. 672, 679 (1948).

The exhaustion of state court remedies requirement has a long and consistent history of stringent enforcement.

> "It has been settled for nearly a century [now well over a century] that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts....   The exhaustion requirement, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), [footnote omitted] serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights...."

Duckworth, 454 U.S. at 3 (citations omitted).

An exception to the exhaustion of state court remedies requirement will be made "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."   Id.   Here, Petitioner has not shown that the state courts are incapable of resolving his claims as quickly and

correctly as the federal courts.   Therefore, Petitioner's motion seeking to be excused from the exhaustion of state court remedies requirement must be denied.

Because Petitioner has not yet exhausted his state court remedies, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases.   However, the Court will further recommend that this action be dismissed without prejudice, so that Petitioner can later return to federal court, (if necessary), after all of his federal claims have been fairly presented to, and decided on the merits by, the Minnesota state courts – including the Minnesota Supreme Court.   See Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988).

## III.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).   A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(3).   To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Petitioner's current habeas corpus petition differently than it is being treated here.   Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.   It is therefore recommended that Petitioner should not be granted a COA in this

matter.

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily **DENIED**;

2.  Petitioner's motion seeking to be excused from the exhaustion of state court remedies requirement, (Docket No. 2), be **DENIED**;

3.  This action be **DISMISSED WITHOUT PREJUDICE**; and

4.  Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: May 2, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 19, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.